*354 OPINION.
Harron:
The question is whether the value of the trusts established by decedent for his two sons should be included in decedent’s gross *355 «state under section 302 (c) and (d) (1) of the Revenue Act of 1926, as amended, which is set forth in the margin.[3] Respondent contends that the value of the trusts should be included in the decedent’s gross estate, first, on the ground that at the time of his death decedent retained the power to alter or modify the trust, and, second, on the ground that decedent had a possibility of reverter. Petitioners, on the other hand, contend that the decedent’s power to alter or modify the trusts was exhausted by the amendments of December 27, 1926, and that decedent’s theoretical possibility of reverter did not render any part of the trust taxable as a part of his gross estate. In the alternative, petitioners contend that, in the event it is determined that a deficiency is owing, they are entitled to statutory credits by reason of any additional state estate, inheritance, or legacy taxes which they may be required to pay by reason of the increased Federal estate tax.
The primary issue is whether or not decedent’s power to alter or modify the trusts was exhausted by the amendments of December 27,1926. In this respect the facts of the present case are indistinguishable from Day v. Commissioner, 92 Fed. (2d) 179, in which the Circuit Court of Appeals for the Third Circuit held that, under the laws of Pennsylvania, the exercise of a power to alter, amend, or revoke exhausts that power. Although in the Day case the court speaks about a power to revoke, the power which was exercised was, in fact, no more than a power to change the beneficial interest in the trust. Charles Day created two trusts, in each of which he reserved the *356 power, with the concurrence of the beneficiary, to alter, amend, or revoke the trust. In one trust the income was payable to Day for life, and then to his wife for life, and in the other trust, the income was payable to Day’s mother for life, and upon her death the principal was to be paid to Day’s estate. In the case of the wife’s trust the grantor revoked the clause calling for the payment to himself for life, and provided that the income from that date forth should be paid to his wife during her life. In the case of the trust for his mother, the grantor revoked the clause giving the principal to his estate and provided that it should go to three trusts established for his children. In neither instrument changing the beneficial interest in the trusts did the decedent expressly reserve any future power to alter, amend, or modify. Under those circumstances the Circuit Court of Appeals held that the grantor’s power to alter, amend, or revoke was exhausted. On the authority of Day v. Commissioner, supra, it is held that the power to alter, amend, or declare new trusts, which Horatio Gates Lloyd originally retained, was exhausted by the amendments of December 27,1926. Accordingly, petitioners must be sustained as to the first question. It is held that the value of each trust is not includable in the value of the gross estate under section 302 (d), as amended.
The remaining question is whether or not the principal of the two trusts, or any part thereof, must be included in the value of the gross estate under section 302 (c) of the Revenue Act of 1926, as amended. Respondent relies upon Helvering v. Hallock, 309 U. S. 106, as authority in support of his contention that the entire value of each trust must be included in the value of the gross estate.
The facts of the present case are indistinguishable from those in the Hallock case, and its companion cases, Rothensies v. Huston, 308 U. S. 538; and Bryant v. Helvering, 309 U. S. 106. In all of those cases the property was to revert to the grantor upon the death of the life tenant, during the grantor’s lifetime. In the present case, certain additional conditions are added, namely, that the life tenant of each trust die without having exercised a power of appointment, and that he die leaving no surviving wife or issue. Those conditions make more remote the possibility that the property will come back to the grantor» However, as was pointed out in Estate of John E. Cain, Sr., 43 B. T. A. 1133, the degree of remoteness is not determinative.
Petitioners rely upon Commissioner v. Kellogg, 119 Fed. (2d) 54. In that case the trust agreement did not set forth any circumstances upon which the trust property would revert to the grantor. Under certain circumstances, the property was to go to the grantor’s next of kin, but he did not reserve any strings by which it could come back to him during his lifetime. In the present case, however, the grantor did provide that under certain circumstances, the property should come back to him during his lifetime. On that basis, the *357 Kellogg case is distinguishable, and some part of the value of the trust property must be included in decedent’s gross estate.
Petitioners argue that, in the event the trusts for the decedent’s two sons are held to come within the ruling in the Eallock case, only the value of the reverter, and not the full value of the principal;of the trusts, is to be included in the gross estate. In support of that position, petitioners cite Central National Bank of Cleveland v. United States, 41 Fed. Supp. 239, in which the Court of Claims points out that the deficiency which was ultimately determined in the Dallock case excluded from the gross estate the value of the life estate, which was in effect at the grantor’s death. The same was true in the Bryant case. Accordingly, it is held that the value of the life estate of the decedent’s two sons must be excluded from the value of the decedent’s gross estate in determining the proper amount of the deficiency. The value of the life estates as stipulated will be adjusted under section 302 (j) (2) of the Revenue Act of 1926, as amended, in accordance with the provisions of article 11 of Regulation 80 (1937 Ed.).
In recomputing the amount of the deficiency in estate tax under Rule SO, consideration should be given to petitioners’ claim for an increased credit for additional state estate, inheritance, legacy, or succession taxes which petitioners are required to pay, and do pay, by reason of the increased Federal estate tax under the holding made here. Under section 802 (a) of the Revenue Act of 1932, amending section 301 (b) of the Revenue Act of 1926, the credit for state inheritance taxes, not to exceed 80 percent of the Federal estate tax, shall be in the amount of state inheritance taxes actually paid before the expiration of 60 days after the Board’s decision becomes final.

Decision will be entered wider Bule 50.

 [Section S02 (c) of the Revenue Act of 1926, as amended by section S03 (a) of the Revenue Act of 1932, and as further amended by section 404 of the Revenue Act of 1934; and section 302 (d) (1) of the Revenue Act of 1926, as amended by sections 401 and 404 of the Revenue Act of 1934, and as further amended by section 805 of the Revenue Act of 1936.]
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the united States.
*******
(e) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.
(d) (1) To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona-fide sale for an adequate and full consideration In money or money’s worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent’s death.